UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEROX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AC SQUARE, INC.,<br><br>Defendant. | Case No. 15-cv-04816-DMR<br><br>**REQUEST FOR REASSIGNMENT; REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 16 |

In this breach of contract action, Plaintiff Xerox Corporation moves the court for entry of default judgment against Defendant AC Square, Inc. pursuant to Federal Rule of Civil Procedure 55(b)(2). [Docket No. 16.] Plaintiff seeks actual damages, interest, immediate return of its property in Defendant's possession, and attorneys' fees and costs. The court held a hearing on July 28, 2016. Defendant has not filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues this Report and Recommendation and reassigns this case to a district judge for final disposition, with the recommendation that Plaintiff's motion be GRANTED.

**I.  BACKGROUND**

From 2009 to 2014, the parties entered into seven product lease contracts for copier equipment and one product maintenance contract. *See generally* Compl., Exs. 2-8. Plaintiff alleges that Defendant breached all contracts on April 18, 2015. On October 19, 2015, Plaintiff filed this lawsuit seeking contract damages in the form of the "principal sum" remaining under each of the eight contracts, an interest rate of 18% per year (or 1.5% per month), recovery and possession of all leased property or its fair market value, and attorneys' fees and costs.

Plaintiff served Defendant with the summons and Complaint by substitute service on November 13, 2015. [Docket No. 9 (Proof of Service).] Defendant did not file a responsive

1  pleading or otherwise appear.  The Clerk entered Defendant's default on December 28, 2015.
2  [Docket No. 13.]  Plaintiff then moved for default judgment, and submitted the eight written
3  contracts, each of which indicates the length of the agreement (in months) and the minimum
4  monthly payments due.  [Docket No. 16-1 (Atkinson Decl., Dec. 30, 2015) Exs. 1, 4, 7, 10, 12, 15,
5  18, 21 (Lease Agreements and Maintenance Agreement).]  After Plaintiff filed its motion for
6  default judgment, the court ordered Plaintiff to submit supplemental briefing, (Docket No. 17),
7  which Plaintiff timely filed.  [Docket No. 18 (Suppl. Br.).]

8        On March 30, 2016, the court issued an order in which it concluded that Plaintiff is entitled
9  to default judgment but had failed to submit sufficient evidence to establish its entitlement to the
10 damages and relief sought.  [Docket No. 21 (March 30, 2016 Order).]  The court ordered Plaintiff
11 to submit additional evidence and briefing within 30 days.  *Id*.  Plaintiff subsequently sought
12 additional time to respond to the court order, which the court granted.  [Docket Nos. 22, 24.]
13 Plaintiff filed additional evidence in support of its motion for default judgment on May 26, 2016.
14 [Docket Nos. 25 (Atkinson Decl., May 26, 2016 ("Atkinson Decl. II"), 26.]

15       The court held a hearing on July 28, 2016.  Although it was served with notice of the
16 hearing date and time, Defendant did not appear.  [Docket No. 29 (proof of service of order setting
17 hearing on motion).]  At the hearing, the court ordered Plaintiff to submit additional evidence in
18 support of its request for attorneys' fees and a revised calculation of interest due, which Plaintiff
19 timely filed and served on Defendant.  [Docket Nos. 32 (Minute Order), 33-35.]

20 **II.    LEGAL STANDARDS**
21       Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case
22 following a defendant's default.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d
23 995, 999 (N.D. Cal. 2001).  Whether to enter a judgment lies within the court's discretion.
24 *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v.*
25 *Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)) ("A defendant's default does not automatically
26 entitle the plaintiff to a court-ordered judgment.")
27       Before assessing the merits of a default judgment, a court must ensure the adequacy of
28 service on the defendant, as well as confirm that it has subject matter jurisdiction over the case and

United States District Court
Northern District of California

1  personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the

2  court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to

3  determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

7  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the

8  well-pleaded allegations of the complaint relating to a defendant's liability are taken as true."

9  *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

10  917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within

11  the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980

12  F.2d 1261, 1267 (9th Cir. 1992).

13  **III.    ANALYSIS**

14      **A.    Jurisdiction**

15  Plaintiff asserts the existence of federal diversity jurisdiction. Plaintiff is incorporated in

16  the state of New York with its principal place of business in Connecticut. Defendant is

17  incorporated in California with its principal place of business in California. Compl. ¶¶ 3-4.

18  Plaintiff alleges that the amount in controversy exceeds $75,000. Compl. ¶ 2. These allegations

19  establish a basis for diversity jurisdiction, as well as personal jurisdiction over Defendant.

20  *Goodyear Dunlop Tires Ops., S.A., v. Brown*, 131 S.Ct. 2846, 2853-54 (2011) ("the paradigm

21  forum for the exercise of general jurisdiction . . . for a corporation . . . [is] one in which the

22  corporation is fairly regarded as at home").

23      **B.    Adequacy of Service**

24  Plaintiff served Defendant with the summons and complaint by substitute service on

25  Afshin Ghaneh, Defendant's agent for service of process.

26  Under the Federal Rules of Civil Procedure, a domestic or foreign corporation must be

27  served in a judicial district of the United States, and may be served in the manner prescribed for

28  serving individuals under Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A). A defendant may be served by

1  "following state law for serving a summons in an action brought in courts of general jurisdiction
2  in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).
3  In connection with its request for default judgment, Plaintiff asserts that service of the summons
4  and complaint on Defendant complied with California Code of Civil Procedure section 415.20(a),
5  which provides:

> [i]n lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50,[1] a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is affected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(a).

Plaintiff submitted evidence that Afshin Ghaneh is Defendant's agent for service of process. Suppl. Br. at 1-2, Ex. 2. Plaintiff did not personally serve Ghaneh but left the summons and complaint with Jane Doe, who refused to give her name. Jane Doe is "a person at least 18 years of age apparently in charge at [Ghaneh's] office or usual place of business." Plaintiff also mailed Ghaneh a copy of the documents the same day. Proof of Service. The court finds that service of process in this case was adequately effected.

### C.     Application of the *Eitel* Factors

Turning to the first *Eitel* factor, Plaintiff will suffer prejudice if the court does not enter a default judgment against Defendant because Plaintiff otherwise has no means to recover the money and property at issue. *Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Therefore, the first factor

---

[1] California Code of Civil Procedure sections 416.10, 416.20, 416.30, 416.40, and 416.50 set forth permissible methods of serving corporations, joint stock companies or associations, unincorporated associations, and public entities. Under section 416.10, a corporation may be served by delivering a copy of the summons and complaint to "a person authorized by the corporation to receive service of process." Cal. Civ. Code § 416.10(b).

4

weighs in favor of granting Plaintiff's motion.

Plaintiff also fulfills the second and third *Eitel* factors. For each of the eight contracts, Plaintiff alleges claims for: (1) breach of contract, (2) account stated, and (3) claim and delivery. A breach of contract claim under California law requires that a plaintiff show: (1) a contract; (2) plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; (4) and resulting damage to plaintiff. *Wall St. Network Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008). Plaintiff demonstrates the existence of eight contracts, as well as performance on its part. Plaintiff also alleges that Defendant breached all eight contracts on April 18, 2015. Finally, Plaintiff alleges damages from Defendant's breach in the form of property and money. Plaintiff has sufficiently pled meritorious claims for breach of contract.[2]

Plaintiff also alleges claim and delivery for all products under each contract. Claim and delivery is not a separate action but is a remedy that permits a prevailing party to recover both specific property and incidental damages. *Adler v. Taylor*, No. 04-8472-RGK(FMOX), 2005 WL 4658511, at *3 (C.D. Cal. Feb. 2, 2005). Claim and delivery is identical to the federal remedy of replevin and requires a plaintiff to show its right to possession and the defendant's wrongful possession of the property at issue. *Id.*; *see Stalcup v. Liu*, No. 11-00002-JSW, 2011 WL 1753493, at *6 (N.D. Cal. April 22, 2011); Cal. Civ. Code § 3379; Cal. Civ. Proc. Code § 512.010. Since Plaintiff adequately pleaded breach of contract, it has sufficiently stated claim and delivery for the seven contracts concerning leased products.[3] In sum, Plaintiff has submitted a legally sufficient and meritorious complaint.

As to the fourth factor, "[w]hen the money at stake in the litigation is substantial or

---

[2] At the hearing, Plaintiff clarified that it is not moving for default judgment as to its claims for account stated. Account stated is a common count that is a "simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness." *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004). Account stated is not a specific cause of action but an alternative way of seeking the same recovery demanded in a specific cause of action. *Id*.

[3] Plaintiff pleaded claim and delivery as to the eighth contract, which is a maintenance agreement, although it is not clear what property is in Defendant's possession with respect to the maintenance agreement that may be subject to claim and delivery. *See* Compl. ¶¶ 44, 56-61 (ninth cause of action). Plaintiff is no longer seeking recovery of specific property as to the maintenance agreement. *See* Atkinson Decl. II at 20.

unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted). The sum of damages and interest that Plaintiff requests is $108,330.71. Plaintiff also seeks return of its property in Defendant's possession. The sum of money appears to be "tailored to the specific misconduct" of Defendant. Therefore, the fourth factor weighs in favor of granting Plaintiff's motion.

Under the fifth *Eitel* factor, the court assesses the likelihood of dispute between the parties regarding the material facts of the case. Where a plaintiff has filed a well-pleaded complaint alleging the elements necessary to establish its claims, and the clerk has entered default upon defendant's failure to answer, a court may find the possibility of a dispute as to material facts is unlikely. *See Capitol Records v. Barrera*, Case No. 06-07212-JSW, 2007 WL 1113949, at *3 (N.D. Cal. April 13, 2007); *Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Here, Defendant failed to appear and respond to the complaint and the Clerk entered default accordingly. Because Plaintiff's well-pled allegations, except as to damages, are presumed to be true, *TeleVideo*, 826 F.2d at 917-18, it adequately alleged its claims against Defendant, as set forth above. Plaintiff served Defendant with its motion for default judgment as well as all supplemental briefing. [Docket Nos. 6, 9, 18, 20, 27, 29, 35 (Proofs of Service).] Nevertheless, Defendant did not appear or file any opposition to Plaintiff's motion. Accordingly, the record reflects Defendant's silence despite notice of the proceedings and several opportunities to respond. Therefore, the court finds there is little possibility of a dispute of material facts.

Finally, under the sixth *Eitel* factor, nothing in the record suggests that Defendant defaulted due to excusable neglect. As noted earlier, Plaintiff served Defendant with submissions relating to the case throughout the pendency of this action and Defendant still failed to participate in the litigation. The default of Defendant cannot be attributed to excusable neglect, so the sixth factor weighs in favor of Plaintiff.

The final *Eitel* factor examines whether the policy of favoring a decision on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472 ("[c]ases should be decided on their

merits whenever reasonably possible"). However, "the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Because Defendant failed to defend against this action, a decision on the merits would be "impracticable, if not impossible." *Truong*, 2007 WL 1545173, at *13 (citation omitted). Therefore, the court finds this factor, though it weighs against default judgment, does not preclude granting it. *See Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996).

In sum, the *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment.

### D. Remedies

Although the factual contentions of the operative complaint are accepted as true when determining the liability of a defaulting defendant, this rule does not apply to statements regarding damages. *See TeleVideo*, 826 F.2d at 917-18. To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see PepsiCo, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18).

Plaintiff moves for default judgment on its breach of contract claims. As detailed in the court's March 30, 2016 Order, Plaintiff initially failed to submit sufficient evidence to establish its entitlement to the damages and relief sought. Plaintiff subsequently filed additional evidence in support of its motion. *See* Atkinson Decl. II.

#### 1. Contract Damages

Plaintiff submitted the eight written contracts at issue, each of which indicates the length of the agreement and the minimum monthly payments due. Atkinson Decl. II, Exs. 1, , 6, 9, 12, 14, 17, 20, 23 (Lease Agreements and Maintenance Agreement). Plaintiff seeks contract damages for its breach of contract claims, which are the first, fourth, seventh, tenth, thirteenth, sixteenth, nineteenth, and twenty-second claims.

##### a. First Claim

Plaintiff's first claim for breach of contract is based on Defendant's breach of an October 19, 2011 agreement to lease equipment for 60 months. Atkinson Decl. II ¶¶ 11, 12, Ex. 1.

1   Plaintiff asks for the total of past due invoices plus the total present value of the payments
2   remaining in the lease term. *Id*. at ¶¶ 13, 17-27. Plaintiff calculated the total present value of the
3   payments remaining in the lease term according to a formula described in the second Atkinson
4   declaration. *Id*. at ¶¶ 22, 27. This formula takes into account a 4% discount specified in the lease
5   agreement. *Id*. at ¶¶ 22 n.1, 27 n.2; *see* Ex. 1 at p. 6 § 19 (in the event of default, Plaintiff may
6   require immediate payment of "the Minimum Payments . . . remaining in the Term, discounted at
7   4% per annum"). The total amount Plaintiff seeks as contract damages for this claim is
8   $39,115.75. *Id*. at 19.[4] Plaintiff also seeks interest on the total of past due invoices at the rate of
9   1.5% per month, in the amount of $399.38. *See* Ex. 1 at p. 6 § 19 ("all amounts then due, plus
10  interest from the due date until paid at the rate of 1.5% per month"); [Docket No. 33 (Atkinson
11  Decl., Aug. 4, 2016 ("Atkinson Decl. III") Ex. 1.]
12       The court finds that Plaintiff has submitted sufficient evidence of its contract damages and
13  interest thereon for its first claim, and recommends that Plaintiff be granted $39,115.75 in
14  damages and $399.38 in interest for its first claim, for a total of $39,515.13.

### b. Fourth Claim

16      Plaintiff's fourth claim is based on Defendant's breach of an October 13, 2010 agreement
17  to lease equipment for 60 months. Atkinson Decl. II ¶¶ 28, 29, Ex. 6. Plaintiff asks for the total of
18  past due invoices plus the total present value of the payments remaining in the lease term. *Id*. at ¶¶
19  33-38. As with the first claim, Plaintiff calculated the total present value of the payments
20  remaining in the lease term according to a formula described in the second Atkinson declaration.
21  *Id*. at ¶¶ 37, 38. This formula takes into account a 4% discount specified in the lease agreement.
22  *Id. see* Ex. 6 at p. 3 § 18 (in the event of default, Plaintiff may require immediate payment of "the
23  Minimum Payments . . . remaining in the Term, discounted at 4% per annum"). The total amount
24  Plaintiff seeks as contract damages for this claim is $6,385.90. *Id*. at ¶ 42. Plaintiff also seeks
25  interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $130.51.
26  *See* Ex. 6 at p. 3 § 18 ("all amounts then due, plus interest from the due date until paid at the rate

---

[4] At the hearing, Plaintiff acknowledged an error in the second Atkinson declaration at paragraph 20. The correct sum for paragraph 20 is $6,576.50.

8

of 1.5% per month"); Atkinson Decl. III Ex. 1.

The court finds that Plaintiff has submitted sufficient evidence of its contract damages and interest thereon for its fourth claim, and recommends that Plaintiff be granted $6,385.90 in damages and $130.51 in interest for its fourth claim, for a total of $6,516.41.

### c.   Seventh Claim

Plaintiff's seventh claim is based on Defendant's breach of a March 8, 2014 maintenance agreement for a period of 36 months. Atkinson Decl. II ¶¶ 44, 45, Ex. 9. Plaintiff asks for the total of past due invoices. *Id*. at ¶¶ 48-52. The total amount Plaintiff seeks as contract damages for this claim is $2,182.75. *Id*. at ¶ 54. Plaintiff also seeks interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $78.62. *See* Ex. 9 at p. 3 § 13 ("all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month"); Atkinson Decl. III Ex. 1.

The court finds that Plaintiff has submitted sufficient evidence of its contract damages and interest thereon for its seventh claim, and recommends that Plaintiff be granted $2,182.75 in damages and $78.62 in interest for its seventh claim, for a total of $2,261.37.

### d.   Tenth Claim

Plaintiff's tenth claim is based on Defendant's breach of a May 10, 2012 agreement to lease equipment for 60 months. Atkinson Decl. II ¶¶ 56, 57, Ex. 12. Plaintiff asks for the total of past due invoices plus the total present value of the payments remaining in the lease term. *Id*. at ¶¶ 61-64. As with the first and fourth claims, Plaintiff calculated the total present value of the payments remaining in the lease term according to a formula described in the second Atkinson declaration, which takes into account a 4% discount specified in the lease agreement. *Id*. at ¶ 64 n.3; *see* Ex. 12 at p. 3 § 18 (in the event of default, Plaintiff may require immediate payment of "the Minimum Payments . . . remaining in the Term, discounted at 4% per annum"). The total amount Plaintiff seeks as contract damages for this claim is $19,909.46. *Id*. at ¶ 66. Plaintiff also seeks interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $132.76. *See* Ex. 12 at p. 3 § 18 ("all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month"); Atkinson Decl. III Ex. 1.

The court finds that Plaintiff has submitted sufficient evidence of its contract damages and interest thereon for its tenth claim, and recommends that Plaintiff be granted $19,909.46 in damages and $132.76 in interest for its tenth claim, for a total of $20,042.22.

      **e.**  **Thirteenth Claim**

Plaintiff's thirteenth claim is based on Defendant's breach of a June 14, 2010 agreement to lease equipment for 60 months. Atkinson Decl. II ¶¶ 68, 69, Ex. 14. Plaintiff asks for the total of past due invoices plus the total present value of the payments remaining in the lease term. *Id*. at ¶¶ 72-78. As with the previous claims, Plaintiff calculated the total present value of the payments remaining in the lease term according to a formula which takes into account a 4% discount specified in the lease agreement. *Id*. at ¶¶ 77, 78; *see* Ex. 14 at p. 3 § 17 (in the event of default, Plaintiff may require immediate payment of "the Minimum Payments . . . remaining in the Term, discounted at 4% per annum"). The total amount Plaintiff seeks as contract damages for this claim is $3,845.58. *Id*. at ¶ 79. Plaintiff also seeks interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $96.52. *See* Ex. 14 at p. 3 § 17 ("all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month"); Atkinson Decl. III Ex. 1.

The court finds that Plaintiff has submitted sufficient evidence of its contract damages and interest thereon for its thirteenth claim, and recommends that Plaintiff be granted $3,845.58 in damages and $96.52 in interest for its thirteenth claim, for a total of $3,942.10.

      **f.**  **Sixteenth Claim**

Plaintiff's sixteenth claim is based on Defendant's breach of a November 16, 2009 agreement to lease equipment for 36 months. Atkinson Decl. II ¶¶ 81, 82, Ex. 17. Plaintiff asks for the total of past due invoices. *Id*. at ¶¶ 85-88. The total amount Plaintiff seeks as contract damages for this claim is $1,136.71. *Id*. at ¶ 92. Plaintiff also seeks interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $28.31. *See* Ex. 17 at p. 3 § 17 ("all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month"); Atkinson Decl. III Ex. 1.

The court finds that Plaintiff has submitted sufficient evidence of its contract damages and interest thereon for its sixteenth claim, and recommends that Plaintiff be granted $1,136.71 in

1  damages and $28.31 in interest for its sixteenth claim, for a total of $ 1,165.02.

### g.    Nineteenth Claim

Plaintiff's nineteenth claim is based on Defendant's breach of a June 17, 2011 agreement to lease equipment for 60 months. Atkinson Decl. II ¶¶ 94, 95, Ex. 20.  Plaintiff asks for the total of past due invoices plus the total present value of the payments remaining in the lease term. *Id*. at ¶¶ 98-102.  As with the previous claims, Plaintiff calculated the total present value of the payments remaining in the lease term according to a formula which takes into account a 4% discount specified in the lease agreement. *Id*. at ¶¶ 102 n.4; *see* Ex. 20 at p. 3 § 18 (in the event of default, Plaintiff may require immediate payment of "the Minimum Payments . . . remaining in the Term, discounted at 4% per annum").  The total amount Plaintiff seeks as contract damages for this claim is $12,365.40. *Id*. at ¶ 106.  Plaintiff also seeks interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $115.10. *See* Ex. 20 at p. 3 § 18 ("all amounts then due, plus interest from the due date until paid at the rate of 1.5% per month"); Atkinson Decl. III Ex. 1.

The court finds that Plaintiff has submitted sufficient evidence of its contract damages and interest thereon for its nineteenth claim, and recommends that Plaintiff be granted $12,365.40 in damages and $115.10 in interest for its nineteenth claim, for a total of $12,480.50.

### h.    Twenty-Second Claim

Plaintiff's twenty-second claim is based on Defendant's breach of an April 11, 2011 agreement to lease equipment for 60 months. Atkinson Decl. II ¶¶ 108, 109, Ex. 23.  Plaintiff asks for the total of past due invoices plus the total present value of the payments remaining in the lease term. *Id*. at ¶¶ 112-116.  As with the previous claims, Plaintiff calculated the total present value of the payments remaining in the lease term according to a formula which takes into account a 4% discount specified in the lease agreement. *Id*. at ¶¶ 116 n.5; *see* Ex. 23 at p. 3 § 19 (in the event of default, Plaintiff may require immediate payment of "the Minimum Payments . . . remaining in the Term, discounted at 4% per annum").  The total amount Plaintiff seeks as contract damages for this claim is $21,966.21. *Id*. at ¶ 121.  Plaintiff also seeks interest on the total of past due invoices at the rate of 1.5% per month, in the amount of $441.75. *See* Ex. 23 at p. 3 § 19 ("all amounts

1   then due, plus interest from the due date until paid at the rate of 1.5% per month"); Atkinson Decl.
2   III Ex. 1.
3       The court finds that Plaintiff has submitted sufficient evidence of its contract damages and
4   interest thereon for its twenty-second claim, and recommends that Plaintiff be granted $21,966.21
5   in damages and $441.75 in interest for its twenty-second claim, for a total of $22,407.96.

### 2. Return of Property

Plaintiff also seeks to recover the specific property leased under each of the seven lease agreements. As noted, the remedy of claim and delivery requires a plaintiff to show its right to possession and the defendant's wrongful possession of the property at issue. The court finds that Plaintiff has established its right to possession of the leased property, as well as Defendant's wrongful possession of the same. Moreover, each of the lease agreements contain a provision that in the event of Defendant's default, "Xerox may, in addition to its other remedies . . . remove the Equipment at your expense." *See* Atkinson Decl. II, Exs. 1 (p. 6 § 19), 6 (p. 3 § 18), 12 (p.3 § 18), 14 (p. 3 § 17), 17 (p.3 § 17), 20 (p.3 § 18), 23 (p. 3 § 19). Therefore, the court recommends that Plaintiff be granted recovery of all property leased under the seven lease agreements.

### 3. Attorney's Fees and Costs

To date, Plaintiff has incurred $2,983.50 in attorney's fees, based upon 15.3 hours billed by attorney Robert V. McKendrick at a rate of $195.00 per hour. [Docket No. 34 (McKendrick Decl., Aug. 4, 2016) ¶ 2.] McKendrick stated at the hearing that he has been practicing law in California since 1994. The court finds that $195.00 per hour is a reasonable hourly rate for an attorney with McKendrick's experience. Further, having reviewed Plaintiff's billing records, the court finds that the 15.3 hours expended on this case are reasonable. The court therefore recommends that Plaintiff be awarded $2,983.50 in attorney's fees. Plaintiff has also incurred $489.95 in costs in the action to date. Atkinson Decl. II at 22. The court finds these costs reasonable and recommends that Plaintiff be awarded $489.95 in costs.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that Plaintiff's motion for default judgment be granted. The court further recommends that Plaintiff be awarded $108,330.71 in

contract damages and interest, and attorney's fees and costs amounting to $2,983.50 and $489.95, respectively, for a total of $111,804.16.  The court also recommends that Plaintiff be granted recovery of all property leased under the seven lease agreements.

Immediately upon receipt of this order, Plaintiff shall serve a copy of this order on Defendant AC Square, Inc. and file proof of service with the court.  Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: September 1, 2016



_____
Donna M. Ryu
United States Magistrate Judge

13